Case 2:21-cv-00207-Z-BR   Document 17   Filed 06/13/23   Page 1 of 16   PageID 161

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 08/2021)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 1 3 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

Vinicio J Garcia 1828198
Plaintiff's Name and ID Number

Bill Clements
Place of Confinement

v.

Counselor EVANS Bill Clements Unit
Defendant's Name and Address

SGT MURPHY Bill Clements Unit
Defendant's Name and Address

CAPT JUDD Bill Clements
Defendant's Name and Address
( DO NOT USE "ET AL.")

1) Requesting JURY TRIAL
2) Preservation of videos for JURY TRIAL as part of Procedure

AMENDED COMPLAINT

CASE NO. 2:21-CV-207
(Clerk will assign the number)

3) constitutional issue under Rule 5-1
4) EACH Defendant is sued individually and in his official capacity. EACH Defendant acted under the color of state LAW
5) seeking punitive damages
6) seeking cessation of harassment and Retaliation
7) all reliefs listed separately
8) statement of claim attached ALSO

---

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

List Attached

1. Approximate date of filing lawsuit: 8/30/2017
2. Parties to previous lawsuit:
   Plaintiff(s) Vinicio J Garcia
   Defendant(s) Darryl Glenn et al
3. Court: (If federal, name the district; if state, name the county.) Northern District of TX, Amarillo Division
4. Cause number: 2:17-CV-164
5. Name of judge to whom case was assigned: M. Kacsmaryk
6. Disposition: (Was the case dismissed, appealed, still pending?) Dismissed
7. Approximate date of disposition: March 2, 2020

II. PLACE OF PRESENT CONFINEMENT: Bill Clements Amarillo, TX

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Vinicio J Garcia Bill Clements 9601 Spur 591 Amarillo TX 79107

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Counselor Evans only address I know Bill Clements 9601 Spur 591 Amarillo, TX 79107

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Lied at both hearings - did not show up at 2nd Due process violation

Defendant #2: SGT Murphy Bill Clements 9601 Spur 591 Amarillo, TX 79107

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Lied false accusation

Defendant #3: CAPT Judd Bill Clements 9601 Spur 591 Amarillo TX

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Denied evidence Due process violation ignored evidence

Defendant #4: Guard Mitchell Bill Clements 9601 Spur 591 Amarillo, TX 79107

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Sexual harassment and Retaliation - continued to harass and Intimidate

Defendant #5: CAPT Flowers Bill Clements 9601 Spur 591 Amarillo TX 79107

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Lied at Disciplinary hearing gave false case part of harassment and Retaliation List attached of other defendants

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

List ATTACHED Pages 8 thru 13

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

ATTACHED List Page 14

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

N/A

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

N/A

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date sanctions were imposed: N/A
4. Have the sanctions been lifted or otherwise satisfied? N/A   ___YES ___NO

4

C. Has any court ever warned or notified you that sanctions could be imposed?   ____YES  ✓NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): __N/A__
   2. Case number: __N/A__
   3. Approximate date warning was issued: __N/A__

Executed on: __JUNE 6, 2023__
             DATE

_____
(Signature of Plaintiff) Vincent J Aaron 1828198

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __6th__ day of __June__, 20__23__.
         (Day)              (month)        (year)

_____
(Signature of Plaintiff) Vincent J Aaron 1828198

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

5

UNITED STATES District Court NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

Listing of Previous Lawsuits

B From PAGE (2) of form Provided

Approximate Date of Lawsuit
Amended Filed NOV 22, 2020

2) Parties to Previous Lawsuit
Plaintiff Vinicio J Garcia
Defendants Emily Reeb et al

3) US District Court Northern District Amarillo Division

4) Cause # USDC 2:20-CV-0 67

5) Name of Judge to whom case was assigned US District Judge M. Kacsmaryk

6) Disposition: Awaiting Response to objections of JUDGMENT

Approximate Date of Lawsuit
APRIL 18, 2022

2) Parties to subsequent Lawsuit
Plaintiff Vinicio J Garcia
Defendants Bobby Lumpkin et al

3) US District Court EASTERN District TYLER Division

4) Cause # USDC 6:22-CV-67

5) Name of JUDGE To whom case was assigned US District JUDGE D. Kernodle

6) Disposition: ON APPEAL

6

United States District Court Northern District of Texas Amarillo Division

III Exhaustion of Grievance Procedures

I do not have copies of Grievances to provide for the court in the filing of this Civil Complaint § 1983
I am listing the dates filed and individuals named in Grievance and Request that TDCJ provide COPIES
I am currently indigent and Proceeding PRO-SE

Grievance # 2020023222 STEP(1) filed Oct 16, 2019 Step(2) Dec 26, 2019 Against SGT Murphy counselor Evans CAPT Judd

The following Grievances are all Related to Guard Mitchell incident of deliberately Pushing his hand against my Testicles twice on video

Grievance # 2020029569 STEP(1) filed Oct 31, 2019 Step(2) filed Dec 10, 2019 against Guard Mitchell

Grievance # 2020034690 STEP(1) filed Nov 12, 2019 Step(2) filed Jan 5 2020 AGAINST CAPT JUDD ~~CAPT JUDD~~ Counselor EVANS CAPT Flowers

Grievance # 2020033225 STEP(1) filed Nov 8, 2019 WARDEN Richerson S. Patton denies Processing Grievance

Grievance # 2020037977 # 2020038189 are refused by Grievance officers Patton and Turner

The following Grievances are tied to Lt. Whalen knowingly Giving a false case of attending Religious Service

Grievance # 2020072624 STEP(1) filed Feb 3, 2020 STEP(2) filed June 10, 2020 Lt Whalen Asst WARDEN JOE TOVAR

Grievance # 2020075841 STEP(1) filed Feb 8, 2020 Step(2) filed April 2, 2020 AGAINST CAPT Raines Lt Whalen Joe TOVAR

The following Grievances are tied to Grievance # 2020 034190 where Patton and Turner Refuse to Process Grievances against PREA Representative

Grievance # 2020037977 filed Nov 18, 2019 and # 2020038189

7

United States District Court Northern District of Texas Amarillo Division
continued listing of civil complaint §1983

III. Parties to this suit in all instances the only address I have is Bill Clements 9601 Spur 591 Amarillo, Tx

Defendant #6 CAPT Raines Due Process violation at hearing ignored video evidence contradicting Lt Whalen's statement. Also that my Bible and coat were taken away, when Lt Whalen stated they were not.

Defendant #7 Lt. Whalen took Bible and Coat this is on video. Admits he did not read LAY-IN and to cover his mistake, states I lied about me telling him I am from G Pod - Video shows me presenting LAY-IN to everyone showing I am from A-Pod

Defendant #8 Asst JOE TOVAR - ignores video contradicting Lt Whalen's statement.

Defendant #9 S Patton Grievance denies my right to Grieve PREA Representative and WARDEN Richerson for not allowing me to file a complaint under PREA.

Defendant #10 A. Turner Grievance - same as Patton

Defendant #11 WARDEN K. Richerson aided and abetted PREA violation by denying me access to PREA.

IV. The incidents, issues and defendants are related as follows: Counselor EVANS was involved in the disciplinary cases filed by MURPHY and Flowers. Video evidence in both cases was ignored. CAPT JUDD was the disciplinary Presider. He refused to let me introduce evidence in both cases. It is a case of harassment and retaliation. In the case by MURPHY, counselor EVANS states I did not ask for video she says it would not matter. CAPT JUDD refuses video preservation of MURPHY harassing me and another inmate. MURPHY handcuffs the other inmate. When higher rank arrives the handcuffs are removed The inmate writes a statement of MURPHY harassing me.

8

IN THE MURPHY Disciplinary Case CAPT JUDD also refuses to let me introduce statement of inmate. Counselor EVANS ignored my requests to introduce statement of inmate who was handcuffed and then released about MURPHY harassing myself and him.

Counselor EVANS was the individual who stated in the Second Disciplinary Case in which CAPT Flowers stated I lied about Guard Mitchell pushing his hand twice up my legs while Pat Searching me at 1 Building. Both CAPT Flowers and Counselor EVANS state that I was not on video that DAY. IN FACT I was in the Counselor's office (1) Bldg. on OCT 29, to give a statement on another case given to me. This tactic of intimidating individuals who file under PREA is used Repeatedly. In 2018 Guard Mitchell Did the same thing - I was given a case for lying. The case was eventually dismissed. Guard Mitchell has done this to others but all are intimidated. He did it again on NOV 6, 2019 and you can see on video as 5 inmates move up as he presses against the inside of their legs. I asked if any were going to file a Grievance they all said they didn't want any trouble and were afraid. I asked at the hearing to have the video introduced of NOV 6. CAPT JUDD Refuses. The day of the hearing Counselor EVANS does not show but her statement of me not being on video is introduced. Counselor Brown is introduced as the counselor Representing me even though she had no preparation. The cameras are located so that anyone who comes into the entry way is on video. CAPT Flowers and Counselor Evans lied.

9

Grievance Investigator S. Patton refuses to process my Grievance 2020037977 Nov 19, 2019 against the PREA Representative who ignored my request to file a complaint. She states it is Redundant and refers to Grievance # 2020 034690. That Grievance is Against CAPT JUDD and Counselor EVANS. S. Patton along with the PREA Representative are denying me my rights under the 1st Amendment to ask for Redress. They have violated the very purpose of the PREA act. I never Get to file a complaint under PREA which the video would confirm my allegation.
 WARDEN Rickerson signs the STEP (2) citing EVANS statement even though she did not attend hearing. Since she did not show up at hearing WARDEN Rickerson has access to review video that day. PREA is being ignored no Genuine effort was made to show Mitchell's actions. S. Patton also Refuses to Process Grievance 2020 033229 against WARDEN Rickerson where I had asked for Preservation of video of NOV 4, 2019 to show Mitchell again touching Testicles of me and all the other inmates attending WA Mitchell is Quite arrogant and looks at me while pushing his hands up the legs of the other inmates.
 All my allegations are supported by video evidence which is being ignored BY administration and Presiding officers at hearings.

10

There is a pattern of harassment and Retaliation Because of these cases I was Given the status of G-4 restricting certain activities.

I had never been a G-4. I was still receiving Permission to Go to Law Library in which I attended sessions with G-2s. I also received Permission to Go to Religious service with G-2's.

I had been moved to High Security Alpha.

I received A Lay-in for Torah services in One Building.

I held up the Lay-in to the cameras which are at the front and Back of High Security and are about 8 feet high. So the camera is very close to the height of my arm holding the Lay-in (Permission slip) so that it can be read — Then in front of the camera I show it to the Guard. He then escorts me to U) Building for service. When I walk-in I hold it up to the camera of one Building and the SGt at the Desk. He reads it and tells me to show it to Lt Whalen. Lt. Whalen takes the Lay-in and shows it to the Chaplain. The Chaplain and two others tell me they are not sure if the Rabbi is going to be able to show up for the class. I ask Lt. Whalen if I can wait for a few minutes. He says OK and hands me the Lay-in. I then see that Trinity fellowship is having a service. I ask:

11

Lt Whalen that if the Rabbi does not show up I can go to the Trinity Fellowship service. He replies "I don't see why not". In front of the camera I show the LAY-IN again.

I go to the service. During the middle of the service I am called out. Lt Whalen tells me I can't be at the service because I am a G-4. I tell him I don't understand. He tells me G-4's and G-2's can't be together. I tell him I have always been going to service with G-2s. He then says I lied to him. He states I told him I was in C-Pod - I said I never told you or anyone else I was in C-Pod - The LAY-IN clearly states I am in A-Pod.

He files 3 cases against me. One is for Lying.

At the hearing I tell CAPT Raines to look at the video. I show the LAY-IN repeatedly to the camera and everyone else. Again I state it says A-Pod and I have no reason to Lie. He ignores my request. Furthermore Lt Whalen states he didn't read the LAY-IN.

Lt Whalen after pulling me from the service locked me up. I was stripped and searched. He made me leave my coat and Bible in one building. This is right in front of the camera. I ask the video be reviewed. Lt Whalen escorts me

12

me 12 Building Lock-up without my coat or Bible I never get my Bible Back.

Assistant warden JOE TOUAR has access to the video and disregards these abuses. Grievance # 2020072624 signed March 13, 2020 by Asst warden JOE TOUAR - it states "Your complaint has been investigated and findings reviewed. Staff denied your allegations of not allowing you to take your jacket with you to restrictive housing. There was no evidence presented to substantiate your claims. No further action is warranted"

The video of 1 Building where I am locked up will show Lt Whalen making me leave the jacket with the Bible in my coat on the floor. furthermore the cameras will show all the way that I do not have a jacket. I was never given any opportunity to "Present evidence" and Asst warden JOE TOUAR made no effort to look at video.

I have and continue to be harassed and retaliated against since I have used my rights under the First Amendment to Grieve violations and false accusations. Administrative officials despite video evidence have aided and abetted this harassment. I have had 2 Bibles taken. I had annotated notes in both of them. I have had other property and other religious materials taken without justification.

CAPTAINS Raines and JUDD both ignore the evidence on videos which is Quite clear. Because of these unjustificated convictions I was denied Religious Services.

13

VI. Relief

A simple Procedural change is Requested. A short statement be allowed at the initial meeting with appointed counselor for Disciplinary cases. A copy be provided for counselor and inmate stating what facts and/or Requests inmate is making. This will eliminate any discrepancy that may arise between the time the counselor sees the inmate and the case is adjudicated.

TDCJ officials and all Representatives be held accountable for denying me access to filing a complaint under PREA.

That all videos requested for in Grievance's be preserved to be shown as evidence.

That I be given a Jury Trial.

That the cases be overturned and removed from TDCJ Records.

That individuals who violated TDCJ rules under AD PD-22 be held accountable.

That harassment and Retaliation stop.

That Punitive damages be assessed for denying me the Right to Petition the Government for a redress of Grievances.

Punitive damages for taking my Bible and access to Religious services.

TDCJ Pay all court costs.

14

VINICIO J GARCIA 1828198
Bill Clements
9601 Spur 591
Amarillo, TX 79107

Office of the CLERK
US District Court Northern
District of Texas
205 S.E. 5th AVE Rm 133
Amarillo, TX 79101

JUNE 6, 2023

CONFIRMATION REQUEST

IN RE: CASE NO: 2:21-CV-207
Amended Complaint §1983

TO SAID CLERK:

Enclosed are the following:

SASE — ONE
Amended Complaint §1983
  NO: 2:21-CV-207 — 14 Pages
Confirmation Request — ONE Page

RECEIVED
JUN 13 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

I ask the CLERK to File STAMP confirmation Request upon Receipt of Amended §1983 and Return in SASE.

These documents were Placed in an ENVELOPE sealed, Placed in ISE which was Placed in mailbox of 18 Building to Be sent Postage Prepaid by the Bill Clements Law Library to Said Court

This was executed on JUNE 6, 2023 and Placed in MAIL Box on JUNE 6, 2023

I swear under Penalty of Perjury these statements are true and correct executed on JUNE 6, 2023   Vinicio J Garcia
                    Bill Clements   1828198



1828198 Vivicio JGarcia
Bill Clements
9601 Spur 591
Amarillo, TX 79107

LegAL
MAIL

RECEIVED
JUN 1 3 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Office of the CLERK
US District Court Northern
District of Texas
205 S.E. 5th AVE Rm 133
Amarillo, TX 79101