IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VINICIO J. GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-207-Z-BR |
| | § | |
| COUNSELOR EVANS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS § 1983 CLAIM**

Plaintiff, Vinicio J. Garcia, filed a civil complaint under 42 U.S.C. § 1983. (ECF 1). By order signed March 22, 2023, the Court gave Plaintiff notice of the deficiencies in his complaint and ordered that he file an amended complaint stating with specificity all material facts that would support his claims against each named defendant. The order cautioned that failure to comply might result in the dismissal of his claims without further notice.

Plaintiff has filed his amended complaint. (ECF 17). He has not, however, pleaded specific facts to support a § 1983 claim against any of the defendants. At best, Plaintiff may have a state law tort claim for theft of his property. He has not shown that any of the defendants violated his constitutional or federal statutory rights. As the Court explained in the order to replead:

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow a court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right, and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). To establish a constitutional violation, Plaintiff must demonstrate that the deprivation alleged was sufficiently serious, i.e., deprived him of the minimal civilized measure of life's necessities, and that the prison official possessed a sufficiently culpable state of mind, i.e., the official acted with deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). For an official to act with deliberate indifference, he must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must actually draw the inference. *Farmer*, 511 U.S. at 825, 837.

Here, it appears that Plaintiff may have named some of the defendants solely because of their supervisory positions. However, the doctrine of *respondeat superior* does not apply to a § 1983 action. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Thus, to state a claim, Plaintiff must allege sufficient facts to show that each defendant personally participated in the acts causing the deprivation of his constitutional rights or implemented an unconstitutional policy that causally resulted in Plaintiff's injury. *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009); *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

It is well settled that a prisoner does not have a constitutional right to an effective grievance procedure, and he has no due process liberty interest in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *Hill v. Walker*, 718 F. App'x 243, 249–50 (5th Cir. 2018). Moreover, the failure of the prison to follow its own policies, including the failure to address prisoner grievances, is not sufficient to make out a civil rights claim. *Richardson v. Thornton*, 299 F. App'x 461, 464 (5th Cir. 2008) (citing *Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

In this case, the Court still cannot discern the basis for Plaintiff's claims. As best the Court can tell, the gist of Plaintiff's complaint is that he was not allowed to file a grievance and/or his grievance was not processed under the Prison Rape Elimination Act, 34 U.S.C. §§ 30301-30309. He does not explain why he could not have written the PREA ombudsman as so many other inmates have done to give notice of his allegations. In any event, as stated, he has no constitutional right to an effective grievance procedure.

Plaintiff also appears to be complaining about one or more disciplinary proceedings, but he cannot pursue civil rights claims against the participants unless the disciplinary conviction has been vacated or set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994). He has not pleaded that such is the case here. In addition, an attack on a disciplinary conviction must be pursued by writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies.[1]

---

[1] In this regard, Plaintiff seems to allege that false charges were brought against him and that he was denied due process in his hearings. However, he alleges only that he was assigned a higher custody class as a result. Such an

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the amended complaint (ECF 17) filed by Plaintiff be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 27, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

---

assignment fails to state a due process violation, because it does not implicate a liberty interest. *Landor v. Lamartiniere*, 515 F. App'x 257, 259 (5th Cir. 2013); *Nathan v. Hancock*, 477 F. App'x 197, 198–99 (5th Cir. 2012).